**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENNETH BOGLE, ET AL.,** | **CIVIL ACTION** |
| **Plaintiffs** | |
| | |
| **VERSUS** | **NO.  22-3092** |
| | |
| **GREAT NORTHERN INSURANCE** | **SECTION: "E" (4)** |
| **COMPANY,** | |
| **Defendant** | |

## ORDER AND REASONS

On July 14, 2022, Kenneth Bogle and Christa Bogle ("Plaintiffs" or "insureds") filed a Petition for Expedited Appointment of Umpire for Appraisal Process in the 22nd Judicial District Court for the Parish of St. Tammany in the State of Louisiana.[1] On September 1, 2022, Great Northern Insurance Company ("Defendant" or "insurer") removed this case from state court.[2] Defendant asserts this Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

On September 16, 2022, Plaintiffs filed a motion to remand, arguing, *inter alia*, the amount in controversy is less than $75,000 because the relief sought is enforcement of the relevant insurance policy's appraisal clause and appointment of an umpire.[3] Defendant filed an opposition on September 30, 2022.[4] On November 8, 2022, the Court ordered Defendant to amend its Notice of Removal and provide summary judgment type

---

[1] R. Doc. 1 at p. 1.
[2] *Id.* at p. 2.
[3] R. Doc. 9. Plaintiffs also argue no federal question jurisdiction exists, and the Defendant confirmed in its opposition to the motion to remand that it did not remove this action to federal court on the basis of federal question jurisdiction. *See* R. Doc. 9; *see also* R. Doc. 13.
[4] R. Doc. 13.

evidence demonstrating the amount in controversy in this case exceeds $75,000.[5] Thereafter, on November 21, 2022, Defendant filed its Amended Notice of Removal.[6]

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[7] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[8]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[9] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[10]

While "[t]he Fifth Circuit has not yet specifically addressed the issue of amount in controversy in a petition to compel appraisal and to appoint an umpire,"[11] a federal district court in Louisiana has recognized that "[i]n a declaratory judgment to enforce an appraisal clause in an insurance policy and appoint an umpire, the amount in dispute is the total amount claimed to be due under the policy rather than just the cost of appointing an

---

[5] R. Doc. 14.
[6] R. Doc. 15.
[7] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[8] 28 U.S.C. § 1441(a).
[9] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[10] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[11] *Liberty Mutual Group Inc. v. Mayes*, 2020 WL 5881826 at *2 (W.D. La. 9/15/2020); *see also Church Mutual Insurance Co. v. New Home Full Gospel Ministries*, 2007 WL 9780601 (E.D. La. 4/5/2007).

umpire."[12] Said simply, the amount in dispute in a case like the one at bar is the amount claimed to be due under the policy, not the total policy limit or the cost of an umpire.

In *Liberty Mutual Group Inc. v. Mayes,* Magistrate Judge Hayes of the United States District Court for the Western District of Louisiana found the amount in controversy requirement was met in a case involving declaratory judgment to enforce an appraisal clause and appoint an umpire when the insured sought the "full policy limits for damage to the dwelling"[13] and $1,280,200 for loss of use, which was well over the jurisdictional threshold.[14]

In this case, the two conditions that must exist for this Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332 are present. First, the parties are completely diverse. The insureds — individuals — are Louisiana domiciliaries. The insurer — a corporation — is incorporated in Indiana with its principal place of business in New Jersey. Second, Defendant has provided summary judgment type evidence demonstrating the amount in controversy exceeds $75,000. In a sworn statement dated January 5, 2022, the insureds attested the loss claimed to be due under the policy is $1,487,178.42.[15]

Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion to Remand[16] is **DENIED**.

**New Orleans, Louisiana, this 23rd day of November, 2022.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Mayes*, 2020 WL 5881826 at *2.
[13] *Id.* at *1-2. The amount claimed to be due under the policy *was* the policy limit in *Mayes*.
[14] *Church Mutual*, 2007 WL 9780601 at *2.
[15] R. Doc. 15-2.
[16] R. Doc. 9.